UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:17-cr-00087-DCN-1 |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| CHAD LEE VONK, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant Chad Vonk's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 34. The Government has filed an opposition to Vonk's Motion. Dkt. 42. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On June 26, 2018, after pleading guilty to one count of strangulation and one count of hostage taking, the Court sentenced Vonk to a term of 120 months, to be followed by

five years of supervised release. Dkt. 30.[1] Vonk is currently serving his sentence in USP Atwater in California with an anticipated release date of March 13, 2026.

On January 7, 2022, Vonk filed the instant Motion to Reduce Sentence. Dkt. 34. There is no evidence that Vonk first petitioned the Warden at USP Atwater for release as required under 18 U.S.C. § 3582(c)(1)(A). Dkt. 42-2. Regardless, Vonk's request is insufficient on the merits to grant his request. Vonk bases his request on the hardship the Covid-19 pandemic has imposed on prison life. Dkt. 34. Vonk claims that this time being alone is an "extraordinary and compelling" reason to warrant early release. *Id.* He further contends that his confinement has precluded him from accessing various programs. *Id.* Finally, Vonk claims to have experienced fear and anxiety of death because of his incarceration.[2] *Id.*

### III. LEGAL STANDARD

Vonk seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[3] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies.

---

[1] At the time of sentencing, Judge Edward J. Lodge presided over this case. Due to Judge Lodge taking inactive status, however, the matter was transferred to the undersigned on August 9, 2021. Dkt. 33.

[2] The details provided by Vonk are scant at best. Nothing is provided to the Court as to what programs he is being precluded from taking advantage of, nor is any specific detail given as to the fear and anxiety he is experiencing.

[3] As discussed in *United States v. Kleint*, since the passage of the FSA, a defendant may now file a motion for compassionate release. 2022 WL 1991323, at *1 n.1 (D. Idaho June 6, 2022). Prior to its passage, only the Director of the Bureau of Prisons could file such a motion. *See id.*

*Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[4] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The First Step Act ("FSA") allows a motion for modification to be made by either the Director of the Bureau of Prisons ("BOP"), or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Vonk failed to present evidence that he filed a request for compassionate release

---

[4] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

with the warden of either of his BOP facilities. Dkts. 41-1, 42-2. [5] Given that Vonk has failed to submit a release request prior to this motion, he has not exhausted his administrative remedies. This alone warrants denial of his Motion.

### B. Extraordinary and Compelling Reasons

Even if Vonk had exhausted his administrative remedies, the Court would have to consider whether there are "extraordinary and compelling reasons" which warrant a permanent reduction in his sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Vonk bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Vonk references 18 U.S.C. § 3582(c)(1)(A)(i) as reason for this Court to reduce his sentence. That section allows a court to modify a sentence only when there are "extraordinary and compelling reasons [which] warrant  such a reduction."[6]

The Sentencing Commission has set forth several guidelines to direct the Court in assessing whether a compassionate release is warranted. *See* U.S.S.G. § 1B1.13 Application Note 1; *see also Kleint*, 2022 WL 1991323, at *2 (noting that the ninth circuit

---

[5] While Vonk is *currently* at USP Atwater, he was previously incarcerated at USP Florence. The Government has confirmed that Vonk did not file a request while at USP Florence.

[6] Vonk also references subsection (c)(2) as a reason for the Court to reduce his sentence. However, as the Government pointed out, that section only applies when the term of imprisonment was based on a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The sentencing range in this case has not been reduced since Vonk's sentence. Accordingly, subsection (c)(2) does not apply.

ruled in *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) that the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement but rather a guideline to be used in a court's discretion). The guidelines set forth four specific areas in which there are extraordinary and compelling reasons: (1) for the medical condition of the defendant; (2) the age of the defendant; (3) for family circumstances; and (4) for other reasons determined by the Director of the Bureau of Prisons. The only conceivable reason for Vonk's compassionate release motion would be for medical reasons brought on by the Covid-19 pandemic. The Court will begin and end its analysis there.

Vonk argues that the Covid-19 pandemic has created harsh conditions which warrant his release. Dkt. 34. He notes that "this period of confinement [has] precluded [him] from accessing important programs." *Id.* He further observes that during this period of incarceration he has experienced "fear and anxiety of [d]eath." *Id.* No support or examples were given. Without more, the Court will not grant a motion under § 3582(c)(1) when it merely makes bold assertions without any support. *See Kleint*, 2022 WL 1991323, at *3 (listing several cases where the court has denied a compassionate release motion where the prisoner was concerned about Covid-19). Even aside from this, the record does not support Vonk's contentions. Vonk has received the Covid vaccine which should, in the very least, distill some of the fear he is experiencing. Moreover, there is no evidence that, should the Court grant Vonk's request, he would be less at risk outside of prison. Given this lack of support, the Court is not convinced Vonk has met his burden.

Vonk also points to various programs he has missed due to incarceration. No mention is made as to what programs Vonk has missed out on. As such, the Court is left

MEMORANDUM DECISION AND ORDER - 5

guessing as to what Vonk means.[7] Whatever the case may be, the Court is not ready to grant a compassionate release of a prisoner who has barely served half his sentence because he is missing out on "important programs."

Lastly, Vonk writes that he has experienced fear and anxiety of death. For the reasons given above, the Court does not find this to be an extraordinary and compelling reason to grant a compassionate release. A simple assertion, without more, is not sufficient to meet the burden placed upon the defendant.

In addition to the above-mentioned vagueness surrounding Vonk's request, the Government also argues that an early release would be inconsistent with the factors outlined in 18 U.S.C. § 3553(a)[8] (factors a court must consider when imposing a sentence). A court must consider these factors in determining whether to grant a compassionate release motion. 18 U.S.C. § 3582(c)(1)(A). The Court agrees with the Government.

---

[7] At the very least, the Court knows it does not mean Vonk was denied the Covid-19 vaccine. *See* Dkt. 42-3.

[8] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

Notably, Vonk has barely served half of his 120-month sentence. It is also noteworthy that Vonk has a lengthy criminal history, and the offenses with which he was charged— strangulation and hostage taking—are serious crimes. The ten-year sentence Judge Lodge imposed reflects this. To now release Vonk when only half his sentence has been served goes against the factors enumerated in 18 U.S.C. § 3553(a).

In sum, the Court finds that Vonk has not exhausted his administrative remedies. Moreover, he has failed to demonstrate an "extraordinary and compelling reason" for his release and has failed to show that such a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Vonk at this time. Accordingly, the Court must DENY Vonk's motion.

## V. ORDER

The Court HEREBY ORDERS:

1.  Vonk's Motion for Compassionate Release (Dkt. 34) is DENIED.

DATED: September 8, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7