UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 3:17-cr-00087-DCN |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| CHAD LEE VONK, | |
| Defendant. | |

## I. INTRODUCTION

On May 8, 2025, Defendant Chad Vonk sent a letter to the Court requesting that the Court suspend his obligation to make payments on fines levied as part of his sentence until he is released from custody. Dkt. 44. He claims it will be much easier for him to pay while "on the streets" than while incarcerated. *Id*.

Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

The underlying facts of this case are outlined in prior decisions and incorporated here by reference. *See* Dkts. 36, 43.

The Court[1] sentenced Vonk in this case on June 26, 2018. Dkts. 29, 30, 31. As part of that sentence, the Court imposed a special assessment of $200 and a fine of $2,500. Dkt. 30, at 6. In accordance with its usual practice, the Court outlined all monetary penalties

---

[1] Judge Edward J. Lodge presided over this case and sentenced Vonk. However, due to Judge Lodge taking inactive senior status, the case was reassigned to Judge B. Lynn Winmill (Dkt. 33) and later to the undersigned (Dkt. 37).

would be subject to the terms of the Inmate Financial Responsibility Program while Vonk was incarcerated and then in accordance with United States Probation and Parole guidelines. Dkt. 30, at 7.

Vonk now asks—without citing any caselaw, statute, or rule and providing zero details about his financial status—that the Court hold the payment schedule previously ordered in abeyance until his release. Dkt. 44.

### III. LEGAL STANDARD

Generally, a federal court may not modify the terms of imprisonment once they have been imposed. *See United States v. Aurda*, 993 F.3d 797, 799 (9th Cir. 2021). However, Congress has statutorily created some exceptions to this general rule and authorized courts to modify prison sentences in certain circumstances. *Id*.

For example, 18 U.S.C. § 3572(d)(3) authorizes the Court to "adjust the payment schedule" of a fine if a defendant's economic circumstances have materially changed. It does not, however, authorize the Court to reduce or commute any fine imposed. *See* 18 U.S.C. § 3572. The defendant bears the burden of demonstrating any "material change" in his financial circumstances. *See United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003).

### IV. DISCUSSION

Vonk does not state what his financial situation currently is, let alone outline if there has been a material change in his finances. He simply asserts he will "easily" be able to pay more towards his obligations when released from prison. Dkt. 44. This summary assertion is insufficient to carry his burden.

The Bureau of Prisons administers the Inmate Financial Responsibility Program through a series of regulations and has a payment plan for each inmate depending on his or her resources and ability to pay. Absent a true change in Vonk's *personal* economic circumstances suggesting a departure from the BOP's plan is warranted, the Court must DENY Vonk's Motion.

## V. ORDER

The Court **HEREBY ORDERS**:

1. Vonk's Motion to stop payments (Dkt. 44) is DENIED.

DATED: October 6, 2025

_____
David C. Nye
Chief U.S. District Court Judge